IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| P.N.A. CONSTRUCTION TECHNOLOGIES, INC., a North Carolina Corporation,<br><br>                      Plaintiff,<br><br>    v.<br><br>McTECH GROUP, INC., a Georgia Corporation, McDONALD TECHNOLOGY GROUP, LLC, a Georgia Limited Liability Corporation, and STEPHEN F. McDONALD,<br><br>                      Defendants. | 1:05-cv-1753-WSD |

**ORDER**

This matter is before the Court on Defendant Stephen F. McDonald's Motion to Dismiss Pursuant to Rule 12(b)(6) [5].

**I.     BACKGROUND**

On July 20, 2005, Plaintiff P.N.A. Construction Technologies, Inc. ("Plaintiff" or "PNA") filed its Complaint in this matter, alleging that Defendants are actively inducing infringement and contributorily infringing United States Patent No. 6,354,760 (the "'760 Patent"). The '760 Patent relates to a system for transferring

loads between cast-in-place concrete slabs for concrete floors.  Defendants have developed a competing load-transfer system called the EZslide system, which Plaintiff claims, when used, infringes the '760 Patent.

Plaintiff asserts its claims against Defendants McTech Group, Inc. ("Defendant McTech"), McDonald Technology Group, LLC ("Defendant MTG") (collectively referred to as the "corporate Defendants") and Defendant Stephen F. McDonald ("Defendant McDonald").  As to Defendant McDonald, Plaintiff alleges:

- Defendant McDonald is the founder and president of the corporate Defendants, and is "actively involved in directing" these businesses.  (Compl. ¶ 5.)

- Defendant McDonald consulted with PNA from March 8, 2002, until May 11, 2002, and was employed as Director of Sales at PNA from May 12, 2002 until March 19, 2003.  (Id. ¶ 13.)

- Since leaving his employment at PNA, Defendant McDonald has "sought to develop for marketing, products he learned of" while employed at PNA, including the EZslide product.  (Id. ¶ 15.)

- Defendant McDonald established a website to advertise and sell his competing products, offered to sell the products to specific companies and arranged for a demonstration of his competing products.  (Id. ¶¶ 16-18.)[1]

---

[1] Plaintiff also alleges Defendant McDonald, along with the corporate Defendants, is "actively inducing infringement and/or contributorily infringing the

## II.     DISCUSSION

### A.     Motion to Dismiss Standard

The law in this Circuit governing motions to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is well settled.  Dismissal of a complaint is appropriate only when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).  "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading standard does exist."  Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268, 1270 (11th Cir.), *rev'd on other grounds*, 314 F.3d 541 (11th Cir. 2002) (en banc).  "To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims."  Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (citations

---

'760 patent, willfully and deliberately . . . ."  (Compl. ¶ 20.)

omitted).  Applying these principles, the Court will address Defendant McDonald's arguments in favor of dismissal.

  B. <u>Defendant McDonald's Motion to Dismiss</u>

Defendant McDonald argues the Court should dismiss the Complaint against him because Plaintiff has not pleaded a set of facts to support a claim that Defendant McDonald "possessed the requisite culpability to be found personally liable for alleged '760 patent infringement."  (Def. McDonald's Mot. to Dismiss at 2.)  Plaintiff claims its allegations demonstrate Defendant McDonald is personally liable because he (i) learned of PNA's product while employed by PNA, (ii) is directly responsible for the design, production and marketing of the EZslide product, and (iii) is the primary individual to benefit from sales of the competing product.  (Pl.'s Opp'n to Def. McDonald's Mot. to Dismiss at 1-2.)  Plaintiff claims Defendant McDonald is "actively inducing infringement and contributorily infringing PNA's patent-in-suit by selling the EZslide product that, when used, infringes PNA's patent-in-suit."  (<u>Id.</u> at 3.)

The issue before the Court is whether Plaintiff has pleaded allegations sufficient to find Defendant McDonald personally liable for Defendants' alleged infringement of the patent-in-suit.  "[U]nless the corporate structure is a sham . . .

-4-

personal liability for inducement to infringe is not automatic but must be supported by personal culpability." Hoover Group, Inc. v. Custom Metalcraft, Inc., 84 F.3d 1408, 1412 (Fed. Cir. 1996). Because Plaintiff does not allege or argue that the corporate veil should be pierced, Plaintiff must allege a specific factual basis for finding Defendant McDonald personally culpable.

Section 271(b) provides, "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b).[2]

> Under this section, corporate officers who actively assist with their corporation's infringement may be personally liable for inducing infringement *regardless* of whether the circumstances are such that a court should disregard the

---

[2] "[T]o be personally liable for [the company]'s infringement under section 271(a), there must be evidence to justify piercing the corporate veil." Hoover Group, Inc., 84 F.3d at 1412 (quotation and citation omitted). Because Plaintiff does not allege the corporate Defendants are the alter ego of Defendant McDonald or are sham corporations, or other allegations permitting the Court to pierce the corporate veil, the Court assumes that Plaintiff's claim against Defendant McDonald arises under Section 271(b) for inducing infringement rather than under Section 271(a) for direct infringement. See also Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1579 (Fed. Cir. 1986) ("To determine whether corporate officers are personally liable for the direct infringement of the corporation under § 271(a) requires invocation of those general principles relating to piercing the corporate veil."). (See also Pl.'s Opp'n to Def. McDonald's Mot. to Dismiss at 3 ("PNA's Complaint alleges that Defendants, including Mr. McDonald, are actively inducing infringement and contributorily infringing PNA's patent-in-suit . . . .").)

> corporate entity and pierce the corporate veil. The
> alleged infringer must be shown, however, to have
> *knowingly* induced infringement. It must be established
> that the defendant possessed specific intent to encourage
> another's infringement and not merely that the defendant
> had knowledge of the acts alleged to constitute
> infringement. The plaintiff has the burden of showing that
> the alleged infringer's actions induced infringing acts *and*
> that he knew or should have known his actions would
> induce actual infringements.

Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 553 (Fed. Cir. 1990);

Hoover Group, Inc., 84 F.3d at 1411 (noting that to find corporate officer to be

personally liable for inducing infringement, "the officer must act culpably in that the

officer must actively and knowingly assist with the corporation's infringement"). In

Ferguson Beauregard/Logic Controls, Division of Dover Resources, Inc. v. Mega

Systems, LLC, 350 F.3d 1327, 1341-42 (Fed. Cir. 2003), plaintiff argued the

district court applied the incorrect standard for determining personal liability.

Plaintiff argued it should only have to demonstrate the officer was aware of the

activities, "not necessarily aware that his activities amounted to infringement." Id.

at 1342. The Federal Circuit rejected plaintiff's argument, finding it "untenable"

based on the holding in Manville Sales Corp., which requires that to be personally

liable an individual must "possess[] specific intent to encourage another's

-6-

infringement and not merely that the defendant had knowledge of the acts alleged to constitute infringement."  Id.  See also Micro Chem., Inc. v. Great Plains Chem. Co., Inc., 194 F.3d 1250, 1261 (Fed. Cir. 1999) ("Officers of an allegedly infringing corporation can be held personally liable for actively inducing infringement under 35 U.S.C. § 271(b) only if they knew or should have known their actions would induce actual infringements.") (quotation and citation omitted).

Relying on Orthokinetics, Inc., Plaintiff argues it must show only that Defendant McDonald "participat[ed] in, induc[ed], and approv[ed] acts of patent infringement."  (Pl.'s Opp'n to Def. McDonald's Mot. to Dismiss at 4 (quoting Orthokinetics, Inc., 806 F.2d at 1578-79).)  Plaintiff appears to dispute that it must allege Defendant McDonald had the specific intent to induce infringement to assert a claim against him individually.  (Id. at 8-11.)  Plaintiff's position has support in Orthokinetics, Inc., wherein the Federal Circuit stated:

> [I]t is well settled that corporate officers who actively aid and abet their corporation's infringement may be personally liable for inducing infringement under § 271(b) regardless of whether the corporation is the alter ego of the corporate officer.  Corporate officers are presumably aware of what they are doing, and in that sense they can be said to have acted 'willfully.'  However, that does not mean that their acts must rise to the level recognized by

-7-

> the law as constituting willful infringement before they can
> be liable for infringement by their corporation.

Orthokinetics, Inc., 806 F.2d at 1578-79 (citation omitted).

There is some disagreement regarding the nature of the intent required for individual liability under Section 271(b). In Nissim Corp. v. Clearplay, Inc., a district court in this circuit stated:

> [W]hile there is some Federal Circuit case law suggesting
> that the standard for proving inducement requires proof
> of an actual intent to infringe, other arguably controlling
> authority from the Federal Circuit and from other courts
> supports that the standard for proving inducement is
> much lower, requiring only that a corporate officer
> knowingly aid and abet another's direct infringement.
> Some courts have found that this active participation
> requirement can be satisfied based on the effective
> control the individual held over the corporation and his
> active participation in the infringement activities.

351 F. Supp. 2d 1343, 1349 (S.D. Fla. 2004) (quotation and citation omitted).

Here, the Court is not required to resolve this apparent ambiguity regarding the appropriate standard of intent for finding a corporate officer personally liable for inducing infringement. Plaintiff alleges Defendant McDonald (i) knew about the patent-in-suit and had intimate knowledge of PNA's product because he served as PNA's Director of Sales, (ii) founded and actively managed the corporate Defendants, and (iii) designed, developed and marketed the competing EZslide

-8-

product, which allegedly infringes the patent-in-suit when used. Even under the stricter of the two possible standards which requires proof of actual intent to infringe, viewing the allegations as true and in the light most favorable to Plaintiff, Plaintiff's allegations, in the aggregate, are sufficient to state a claim against Defendant McDonald.[3]  See generally Water Techs. Corp. v. Calco, Ltd., 850 F.2d 660, 669 (Fed. Cir. 1988) ("The requisite intent to induce infringement may be inferred from all of the circumstances.").

## III. CONCLUSION

For the reasons state above,

**IT IS HEREBY ORDERED** that Defendant Stephen F. McDonald's Motion to Dismiss Pursuant to Rule 12(b)(6) [5] is **DENIED**.

---

[3] That Plaintiff filed multiple patent applications to protect the competing EZslide product does not conclusively establish his lack of intent to infringe at this early stage in the proceedings. (See Def. McDonald's Mot. to Dismiss at 5.)

**SO ORDERED**, this 20th day of March, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE